## CIRCUIT COURT OF HANOVER COUNTY

Commonwealth of Virginia

   v.

Tammy Mae Frazier

July 27, 1992

Case No. 186–92

BY JUDGE WILLIAM H. LEDBETTER, JR.

The grand jury has returned 17 felony indictments against Tammy Mae Frazier. Sixteen of the indictments allege grand larceny under Virginia Code § 18.2–95 and one alleges misappropriation of public funds under Virginia Code § 18.2–112. Of the grand larceny charges, 12 involve money belonging to Lewis A. Lloyd. (These indictments will be referred to as the Lloyd indictments.) The other four grand larceny charges and the misappropriation charge pertain to money belonging to the Commonwealth of Virginia. (These indictments will be referred to as the public funds indictments.)

Frazier moves to dismiss all but one of the Lloyd indictments and all but one of the public funds indictments that allege grand larceny offenses. (The misappropriation charge is not involved in the motion.) The basis of the motion is explained below.

The court heard arguments on the motion on July 23, 1992, and took the matter under advisement. This opinion letter sets forth the court's rulings.

### The Lloyd Indictments

The 12 Lloyd indictments allege a separate felony for each calendar month between February, 1990, and January, 1991. For instance, the first indictment alleges grand larceny during February, 1990; the second alleges grand larceny during March, 1990; the third alleges grand larceny during April, 1990; and so on, through January, 1991.

Frazier contends that the Lloyd indictments, taken together, obviously refer to one continuous theft scheme that cannot be arbitrarily subdivided into twelve separate felony charges. She bolsters her argument by reference to a table introduced without objection in support of her motion. The table shows a total of 115 "transactions" during the 12-month period covered by the Lloyd indictments and further shows the number of such transactions within each month covered by a separate indictment. According to the exhibit, at least three transactions occurred each month, and in seven of the months, ten or more transactions occurred. Not more than two weeks elapsed between any two transactions during the entire twelve-month period.

## The Public Funds Indictments

The four public funds indictments alleging grand larceny refer to offenses occurring (1) during March 15, 1988, to December 31, 1988; (2) during 1989; (3) during 1990; and (4) during January 1, 1991, to May 15, 1991. In addition, the misappropriation indictment alleges a violation of § 18.2–112 during January 1, 1991, to May 15, 1991.

Again, Frazier contends that these indictments, or at least the four grand larceny indictments, taken together, plainly show that she is being prosecuted for one continuous theft scheme and that the Commonwealth is attempting to create four separate felonies by its arbitrary segmentation. In further support of her position, she introduced without objection a chart that identifies the "transactions" that form the basis for the public funds indictments. The chart illustrates that some of the transactions involve less than $200.00, some more, and that the series of transactions constitutes a continuous scheme.

## Decision

The general rule is that the taking of property at different times, even from the same place and same owner, constitutes separate offenses, so that if some of the takings are petit larcenies, they cannot be combined in one prosecution so as to make a case of grand larceny. If, however, a series of larcenous acts is done pursuant to a single impulse and in execution of a general fraudulent scheme, the aggregation of larcenies constitutes, in contemplation of law, a single larceny, regardless of the amounts taken and regardless of the time occupied in the performance of the scheme. *West v. Common-*

*wealth*, 125 Va. 747 (1919). (See, however, the "six-month rule" codified in § 19.2–223 with reference to embezzlements.)

Frazier acknowledges that the Commonwealth could have elected to prosecute her separately for each of the transactions allegedly committed, some of which would be petit larceny charges and some grand larceny charges. However, she argues, the Commonwealth cannot prosecute her for a continuous scheme divided arbitrarily into sequential time segments so as to give rise to multiple felony charges. The court agrees with Frazier.

The Commonwealth offers no rationale for its segmentation into "one-crime-a-month" indictments in the case of the Lloyd indictments and four similar sequential time periods in the case of the public funds indictments. Viewing the 17 indictments together, it is obvious that, as framed, the indictments represent prosecution for two overlapping continuous schemes, one against Lloyd and the other involving public funds, involving a multitude of transactions allegedly committed with little or no interruption.

Under these circumstances, the court is of the opinion that the Commonwealth cannot proceed in present form.

Accordingly, the Commonwealth will seek leave to amend or will move to nol pros the indictments within 21 days of the date of this opinion, otherwise Frazier's motion to dismiss all but one of the Lloyd indictments and all but one of the public fund indictments will be granted.

Trial of the public funds indictments is scheduled with a jury for October 14, 1992. Trial of the Lloyd indictments is scheduled with a jury for November 18, 1992. Notwithstanding her pending motion, Frazier had no objection to scheduling the cases for trial on those dates. Nevertheless, because these cases are now on the trial calendar, it is imperative that all further motions be made and argued as expeditiously as possible.